IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JEREMY L. SCHMITZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 05-0495-C-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| KIM JONES, Warden, | ) | |
| | ) | |
| Respondent.[1] | ) | |
| _____ | ) | |

Currently before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. Petitioner has filed a response to the Motion, the parties have consented to the jurisdiction of a United States Magistrate Judge (Docket No. 11), and the matter is now ripe for a decision. After reviewing the pleadings, briefing, and record herein, the Court has determined that this matter shall be resolved without oral argument.

For the reasons that follow, the Court concludes that the Petition in this case is untimely. The Court will grant Respondent's Motion, and this case will be dismissed.

_____

[1] Petitioner's Motion to Amend his Petition to substitute Acting Warden Kim Jones as the proper Respondent in this case in lieu of the State of Idaho shall be granted.

**ORDER - 1**

# I.

## BACKGROUND

In 1997, the State of Idaho charged Petitioner, who was then fifteen years old, with first-degree murder, conspiracy to commit robbery, and attempted robbery, all of which were based upon his involvement in the beating death of Melven Evenson.  (State's Lodging A-4.)  In exchange for Petitioner's agreement to enter a guilty plea, the State amended the charge from first-degree murder to second-degree murder and dismissed the two additional counts.  (State's Lodging A-9.)  After accepting the guilty plea, the district court judge sentenced Petitioner to life in prison, with the first ten years fixed.  (State's Lodging A-12.)  Judgment was entered on January 22, 1998, and Petitioner did not file a direct appeal.  (State's Lodging A-12.)

On March 19, 1998, Petitioner submitted a motion under Idaho Criminal Rule 35 seeking a reduction of his sentence, which the district court denied on May 18, 1999.  (State's Lodging A-15.)  Petitioner did not appeal from that decision.

Nothing was pending in state court until Petitioner filed an application for post-conviction relief on September 11, 2002, over three years after the denial of the Rule 35 motion.  (State's Lodging B-1, p. 5.)  The district court dismissed the application as untimely and denied Petitioner's motion to reconsider.  (State's Lodgings B-1, p. 14; B-2, p. 14.)  The Idaho Court of Appeals affirmed, and the Idaho Supreme Court declined to

**ORDER - 2**

review the case.  (State's Lodgings C-6, C-9.)  The Remittitur was issued on July 5, 2005. (State's Lodging C-10.)

Petitioner filed his federal Petition on December 1, 2005.  This Court reviewed the Petition and noted that it appeared to be untimely.  (Docket No. 7.)  After considering Petitioner's response to the Initial Review Order, the Court ordered the Respondent to provide her position on the matter.  (Docket No. 8.)

Respondent has now filed a Motion for Summary Dismissal, arguing that the Petition is untimely and, alternatively, that the habeas claims were not raised in state court and are now procedurally defaulted.  (Docket No. 9.)  Because the Court finds the statute of limitations issue to be dispositive, it will not reach Respondent's alternative argument.

## II.

### STANDARD OF LAW

Habeas petitions filed after the enactment of the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d).  The one-year period generally runs from the date on which the judgment of conviction became final in state court, either upon completion of a direct appeal or after the time for seeking an appeal has expired.  28 U.S.C. § 2244(d)(1)(A).

The statute provides for tolling (stopping) of the limitations period for all of  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The limitations period also may be tolled for fairness reasons when

**ORDER - 3**

extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

## III.

## DISCUSSION

Because Petitioner did not file a direct appeal after judgment was entered, the federal statute of limitations began to run when the time to appeal expired on March 5, 1998. *See* Idaho Appellate Rule 14(a). Fourteen days of the one-year period elapsed before Petitioner filed a motion for reduction of sentence, stopping the clock until June 29, 1999 (forty-two days after the district court entered its order denying the motion). The period then ran unabated and, absent equitable tolling, expired 351 days later on June 14, 2000, well over five years before the federal Petition was filed.[2]

Petitioner asserts that he is entitled to equitable tolling based upon his young age and limited education, which has left him without the ability to read and write effectively,

---

[2] Petitioner's September 2002 application for state post-conviction relief did not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2) because there was no time left to toll. Further, because the state court ultimately concluded that the application was itself untimely under state law, it was not "properly filed" and would not have stopped the limitations clock from running even if some time remained. *See Pace*, 544 U.S. at 417.

**ORDER - 4**

and because of inadequacies in the prison's legal resources.[3]  (Docket No. 8.)  The Court is not convinced that these circumstances warrant tolling.

First, to the extent that Petitioner contends that his youth, educational deficiencies, and ignorance of the law are sufficient by themselves to toll the limitations period, such an argument is foreclosed by *Rasberry v. Garcia*,  448 F.3d 1150, 1154-55 (9th Cir. 2006).  In that case, the Ninth Circuit Court of Appeals rejected a prisoner's claim that the statute of limitations should be tolled, in part, because he was unable to calculate the time correctly.  *Id*.  Significantly, the Court held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."  *Id*. at 1155.  That holding applies here.

Petitioner's more precise argument is that the State did not provide adequate resources to assist functionally illiterate inmates such as himself in preparing and filing legal documents, thereby preventing him from accessing the courts in a timely fashion.  It is true that the Ninth Circuit has concluded, in a series of cases, that certain deficiencies in a prison's legal resources can amount to an extraordinary circumstance warranting equitable tolling.  *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (absence of AEDPA material in addition to the inmate's lack of independent knowledge of the statute of limitations);  *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) (absence of Spanish-language materials combined with a Spanish-speaking inmate's

---

[3]  The Court notes that Petitioner has had the able assistance of another inmate in preparing his federal Petition and other documents in this case.

**ORDER - 5**

inability to find translation assistance); *Roy v. Lampert*, 2006 WL 2708608 (9th Cir. Sept.

22, 2006) (incarceration in an out-of-state prison that allegedly did not stock AEDPA

material or legal material applicable to the inmate's home state).  In each of these cases,

the Ninth Circuit remanded to the district court for additional factfinding, including a

possible evidentiary hearing, because the petitioner had alleged facts that, if true, showed

that equitable tolling might be appropriate.  *Whalem/Hunt*, 233 F.3d at 1148; *Mendoza*,

449 F.3d 1069; *Roy*, 2006 WL 2708608 at * 9.

      Unlike the prisoners in *Whalem/Hunt*, *Mendoza*, and *Roy*, however, Petitioner has

not alleged specific facts that, if true, would show that deficiencies in the prison's legal

resources actually prevented him from filing on time.  Rather, he claims vaguely that his

"lack of comprehension to his legal situation also offered little for him to trust anyone in

the Idaho Department of Corrections, let alone the Resource Center clerk who made it

plain that he did not assist in writing briefs, etc., but only to offer [sic] various legal

packages to access the courts."  (Docket No. 8, p. 1.)  Although a state must provide its

prisoners with the necessary tools to access the courts, a prisoner does not have a

freestanding right to legal advice, access to a complete law library, or assistance with

research and brief writing.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).  Here, aside from

Petitioner's assertion that the resource center clerk would not help in "writing briefs," he

does not allege that he accepted the offer of a legal package or that, due to his illiteracy,

he requested assistance with the more limited function of filling out legal forms.  He

seems to claim instead that he simply did not trust prison officials to help him even in a

**ORDER - 6**

minimal fashion, which is not an extraordinary circumstance beyond his control and cannot be attributable to the State.

Perhaps more importantly, Petitioner has not shown that he was diligently pursuing his rights during the entire time that he seeks to toll. *See Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).  Specifically, he has not revealed what efforts he undertook to present his constitutional claims in state court between the date that his judgment became final and the date on which he filed his application for post-conviction relief, a span of over four years.[4]  While affidavits filed in state court tend to show that Petitioner was seeking the assistance of other inmates toward the end of that time, those affidavits do not account for the bulk of the time that had already passed.  (State's Lodging B-3(g), pp. 3-4.)

In short, it appears that Petitioner let the years go before he became interested in pursuing collateral relief.  This unexplained delay is similar to the one that the United States Supreme Court determined was too long in *Pace*, and, as in that case, Petitioner's "lack of diligence precludes equity's operation."  *Id*. at 419.

For all of these reasons, the Court concludes that the Petition in this case is not timely, and this action shall be dismissed.

---

[4]  Even excluding the time that the Rule 35 motion was pending, Petitioner still has not accounted for a lapse of over three years.

**ORDER - 7**

**IV.**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Amend Habeas Petition to Identify Proper Respondent (Docket No. 16) is GRANTED. Warden Kim Jones is substituted as the proper Respondent in this matter instead of the State of Idaho.

IT IS FURTHER ORDERED that Respondent's Motion to Require Petitioner to Identify Proper Respondent (Docket No. 12) is dismissed as MOOT.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 14) is GRANTED.  The Petition for Writ of Habeas Corpus shall be dismissed as untimely.

DATED: **November 21, 2006**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER - 8**